Curia, per Evans, J.
The only question insisted on in this case, and the one to which the attention of the Court has been directed, is that which relates to the competency of McCants and wife. As one of the distributees, Mrs McCants and her husband were incompetent, unless rendered competent by the release. The release operates, according to its terms, as a transfer to the defendant of her share in her mother’s estate, and a release of all accountability. It must be regarded as the act of the husband alone. The wife’s joining in it creates no obligation. She is a married woman and her deed is void. This presents the question, whether the husband can release and discharge his wife’s choses in action, so as to bind both her and himself. On this question there seems to me to be no doubt. The law is so stated in the elementary books, (see Clancy, 220,) and is recognised in the case of Terry vs. Brunson, 1 Rich. Eq. 78, although in that case it is said he cannot assign her contingent interest. But it is object* ed that the release was without consideration, but that is more than I know. It is expressed on the face to be for valuable consideration, and is under seal. It is not therefore nudum pactum, for any thing that appears. It may be that if the assignee had to go into Equity to get possession, that Court would regard him as in no better condition than the husband, if the release was without consideration, and compel him to make a settlement. But that can never occur in this case, as the defendant is the administrator and already has the possession. I think, therefore, the re *332 lease was sufficient, and that the witnesses, McCants and his wife, were competent, and the motion is dismissed.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.